## 18257.   SAVANNAH RIVER LUMBER CO. *v.* BUSH.

In this case, which arose under the workmen's compensation act, there being sufficient competent evidence to support the order of the industrial commission denying compensation, the superior court erred in sustaining the claimant's appeal.

### DECIDED DECEMBER 16, 1927.

Appeal; from Effingham superior court—Judge Strange.   May 14, 1927.

*Hitch, Denmark & Lovett,* for plaintiff in error.

*Don. H. Clark,* contra.

BELL, J.   Clara Bush filed a claim, under the workmen's compensation act, against Savannah River Lumber Company, as employer, for compensation for the death of her husband, Noble Bush.   Her claim having been denied by the industrial commission, and her appeal to the superior court having been sustained, the lumber company excepted.

The decedent had been engaged for a number of years in cutting timber of the lumber company and in drifting the same in rafts upon the Savannah river and its tributaries to the company's mill at the city of Savannah.   He received a compensation of $7 per thousand feet by the company's measurements at the mill.   There is some question as to whether he was an employee of the lumber company or a subcontractor under another, whom the company had engaged to log its mill on the basis of $8 per thousand feet delivered.   The industrial commission assumed, without deciding, that the decedent was the company's employee, and denied the claim, upon a finding that the decedent's death did not arise out of and in the course of his employment. The evidence tended to show the following facts:   The timber which the decedent was engaged in cutting was in Bear Creek swamp, apparently adjacent to the Savannah river.   On February

---

Workmen's Compensation Acts, C. J. p. 72, n. 69; p. 73, n. 76; p. 84, n. 60; p. 115, n. 23, 25, 36, 37; p. 122, n. 40; p. 125, n. 72.

1, 1926, he left home with the intention of going to his work, and in order to get there it was necessary for him to go down Mill creek into Little Abercorn creek and then up Raccoon creek. He failed to return home that night, and the next morning his boat was found in Mill creek and contained his tools, a gun, and some raw food materials. Three weeks and three days later his body was found in Mill creek, about a quarter of a mile from the point where the boat was found. There were no bruises on his body and the circumstances pointed to death by drowning. Certain witnesses supposed that while rowing the boat his body collided with a leaning tree which caused him to fall overboard. His boat had lodged near this tree and his body was further away. The location of each, however, was more than two miles from Bear Creek swamp, where the decedent worked. The boat was the property of the decedent and there was nothing to show that the lumber company was in any way concerned with his route or with the means of his transportation to and from his place of labor. He was at liberty to work when he pleased, and, so far as appears, would go and come upon his own responsibility.

Granting, as did the industrial commission, that the relation of master and servant was duly established, the evidence authorized the inference that the decedent was not in the course of his employment at the happening of the event which caused his death. Under the facts appearing, he was not in the employment of the company while going to or returning from Bear Creek swamp, the place where he worked, but in doing so he was his own master and was subject to the will and order of no other person. *Ga. Ry. & Power Co. v. Clore,* 34 *Ga. App.* 409 (129 S. E. 799). This case is distinguished from the case of *New Amsterdam Casualty Co. v. Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786), in which it appeared that the decedent was a traveling salesman and that it was not only expected but preferred by his employer that he should travel by automobile. In the present case the industrial commission found that the decedent was *returning from* his work, whereas it is said by counsel for claimant that the evidence demanded a finding that he was *going to* his work. The difference of opinion upon this point is not material.

Furthermore, even assuming that the decedent met his death by drowning, it is, under the evidence, the merest conjecture that he

was thrown overboard by colliding with a tree, or that his death was in any way caused by his employment. For aught that appears, he may have been engaged in some temporary pursuit entirely disconnected from his employment, or his death may have been caused by some agency unrelated to his employment and not within the purview of the statute. The obligation of the employer under the workmen's compensation act is not that of an absolute insurer, and the burden is upon the claimant to prove a case to which the statute is applicable. Even though it may be true in this case that the decedent's death did in fact arise out of his employment, there is no evidence of the fact, and liability can not be imposed merely because the actual circumstances are incapable of proof. It is more consistent with legal justice that a given case should fail for want of evidence than that it should succeed merely because the truth can not be shown. To allow a claimant to prevail under no more evidence than appears in the present record would be either to act without evidence or to make the employer an absolute insurer, and, to say the least, this, in the words of Judge Bleckley, would be to do that which has not been done before. The burden was upon the claimant to prove that the decedent's death arose in the course of his employment and also out of it. In neither particular did the evidence·demand a finding in favor of the claimant. The commission's findings, being supported by evidence, were conclusive, and in such a case an appeal by the losing party is, as a matter of law, without merit. The judge of the superior court can not legally set aside an order or decree of the industrial commission where there is any competent evidence to sustain it. In this kind of case he has not that discretion which he may exercise in passing upon a motion for a first new trial or a petition for certiorari, where the evidence would have authorized a finding or judgment for either party. The superior court erred in sustaining the appeal. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *U. S. Fidelity & Guar. Co.* v. *Hall,* 34 *Ga. App.* 307 (129 S. E. 305).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*