INDEPENDENCE INDEMNITY CO. *et al. v.* SPRAYBERRY.

No. 7733.   December 11, 1930.

*Connerat & Hunter,* for plaintiff in error.

*Oliver C. Hancock, T. G. Lewis,* and *Stella Akin,* contra.

Beck, P. J.   Mrs. Birdie Sprayberry was the housekeeper and employee of the Oglethorpe Hotel Company, and while so employed sustained the injury which forms the basis of the claim filed with the Industrial Commission, under the provisions of the Georgia workmen's compensation law. After a hearing the commission rendered a judgment and entered an order denying the claim. Thereafter, and in due course, an appeal was taken to the superior court of Chatham County, and that court after consideration rendered judgment approving and affirming the finding of the commission; and to this ruling the plaintiff excepted and sued out a writ of error to the Court of Appeals. The Court of Appeals, having reviewed the finding of the court below, reversed the judgment, and the case was brought to this court by a writ of certiorari. In the course of their finding in this case, after reviewing the

evidence introduced before it, the finding and holding of the commission was that "the burden is on the employee to show conclusively that the accident arose out of and in the course of the employment, before compensation can be allowed. The commission does not believe that the employee carried the burden in this case, and finds that the accident did not arise out of and in the course of her employment. Claim for compensation is dismissed. All the commissioners concur."

Under repeated rulings by the Court of Appeals and this court, the commissioners' findings are conclusive as to facts, where supported by any evidence. *Travelers Insurance Co.* v. *Hamilton,* 35 *Ga. App.* 182 (132 S. E. 399) ; *U. S. Fidelity Co.* v. *Christian,* 35 *Ga. App.* 326 (133 S. E. 639) ; *Savannah River Lumber Co.* v. *Bush,* 37 *Ga. App.* 539 (140 S. E. 899). And other cases from the Court of Appeals and this court laying down this rule absolutely might be cited. Applying the ruling thus made broadly and without qualification, we are forced to the conviction that the judgment of the Court of Appeals must be reversed. Taking the statement of facts as they appeared before the commission and as recited in the opinion of the Court of Appeals, we can not agree with the latter court that there was no evidence to support the finding of the commission upon the facts.

*Judgment reversed. All the Justices concur.*

GILBERT, J., concurring specially. I concur in the decision rendered on its merits, but, from the statement of the case shown, it appears that the writ of certiorari was improvidently granted, and should be dismissed. *Louisville & Nashville R. Co.* v. *Tomlin,* 161 *Ga.* 749 (132 S. E. 90). The assignments of error on the rulings of the Court of Appeals in the petition for certiorari raised questions of law of general public importance. This was because the workmen's compensation law is of recent enactment, and many points of the law remain unsettled. Such was the reason for the grant of the writ. On final consideration it develops that the only point essential for a determination of the case is whether the findings of fact by the Commission are supported by evidence. This does not constitute a legal question of general public importance.