## THOMPSON-STARRETT COMPANY *v.* JOHNSON.

No. 8391.   April 13, 1932.

*Maddox, Matthews & Owens,* for plaintiff in error.
*Porter & Mebane,* contra.

Hill, J.  The deceased, for whose death the claimant asked an award of compensation, was employed by the Thompson-Starrett Company as a laborer in the construction of a building at the Berry Schools, about two miles distant from Broad Street in the City of Rome.  For the convenience of the laborers at the construction work, the company operated from Rome to the building each morning a truck on which it permitted its employees to ride from Rome to their work.  The truck started at the corner of Second Avenue and Broad Street, where it was customary for several employees to board the truck, and proceed up Broad Street to the corner of Fifth Avenue, where it was customary for several other employees, including the deceased, to board this truck and take them to their work.  Each afternoon on the return trip the truck would stop at Fifth Avenue and allow those (including the deceased) living in North Rome, which was north of Fifth Avenue, to get off the truck, and then would proceed to Second Avenue, which was south of Fifth Avenue, for the remaining employees to get off.  On the day in question the regular truck was out of commission and was not able to make its daily trip to town.  About five o'clock, the time when work ceased for the day on the building, the truck of Rome Sand and Gravel Company, which had delivered a load of sand at the building, was about to leave the building for Rome, and one of the employees of the defendant suggested to the

laborers, including the deceased, that they could ride on that truck, which they did. The truck proceeded to Rome, and when it approached the corner of Fifth Avenue and Broad Street, the place where the company's truck usually stopped, and where the deceased had always boarded the truck in the morning and got off in the afternoon, two or three of the employees got off, but the deceased failed so to do as he had done previously, but remained on the truck. After the truck had proceeded around the corner and into Broad Street, and about fifty feet from the corner where it had stopped, the deceased undertook to alight, jumped off the truck, and was killed.

On the hearing before one commissioner an award was made in favor of the claimant. On appeal to the entire commission, that award was set aside, the commission finding that under the evidence the accident did not arise out of and in the course of the employee's employment. All of the commissioners concurred in this finding. This finding, on appeal to the superior court, was affirmed. That judgment was reversed by the Court of Appeals. On this last judgment the Supreme Court granted the writ of certiorari.

This court and the Court of Appeals have decided that the findings of the Industrial Commission are conclusive as to facts, where such findings are supported by evidence. *Independence Indemnity Co.* v. *Sprayberry,* 171 *Ga.* 565 (156 S. E. 230), and cit. And see *U. S. Fidelity & Guaranty Co.* v. *Waymick,* 173 *Ga.* 67 (159 S. E. 564). We have examined carefully the evidence introduced before the Industrial Commission on the application of the defendant in error for compensation, and are of the opinion that the finding of the commission was authorized; and therefore the judgment of the Court of Appeals, reversing the judgment of the superior court which affirmed the finding of the Industrial Commission, must be reversed.        *Judgment reversed.    All the Justices concur.*