28465.   TRAVELERS INSURANCE CO. *et al. v.* FAULKNER.

DECIDED OCTOBER 28, 1940.

*Neely, Marshall & Greene,* for plaintiffs in error.

FELTON, J.   Mrs. W. C. Faulkner filed with the Industrial Board a claim for compensation on account of the accidental death of her husband.   It was agreed that the deceased was an agent of the Metropolitan Life Insurance Company, and that the territory in which he was employed was in the Covington, Georgia, territory, where he was assistant manager for the company.   His compensation was at the rate of $44 per week, plus certain commissions.   He was authorized, but not required, to sell insurance anywhere in the State where the company had previously paid the license.   For the week before his death, the deceased had been working with the agent in Lithonia, Georgia, and had finished this work on September 29, before his injury on October 1.   While working with the agent from Lithonia, the deceased had canvassed prospects for insurance in DeKalb and Fulton Counties, including the City of Atlanta.   The agent at Lithonia accompanied him to Atlanta on the night of September 29, to attend a ball game, and did not see him any more until after the accident.   On September 30 deceased left his home in Covington in the afternoon, and came to Atlanta to see Mr. Pope, whom he saw during the middle of the afternoon, and who told him to come back in thirty days.   Pope saw him about 3:30 or 4 o'clock in the afternoon before the injury.   He was found injured in a wrecked automobile (not his car), about one mile from Lithonia at one or two o'clock on the morning of October 1.   The claimant testified that the automobile was one which the deceased had borrowed from a friend in Atlanta, for the purpose of driving back to Covington, and that this was necessary because of the fact that he had worked too late to catch a train or bus back to Covington.   There is nothing in the record to bear out this testimony, nor is there anything to indicate just what the deceased did from the time he last saw Pope at 4 o'clock until he left Atlanta for Covington.   The Industrial Board, citing *Wicker*

v. *Fidelity & Casualty Co.*, 59 *Ga. App.* 521 (1 S. E. 2d, 464), made an award of compensation to the claimant, holding that the accident arose out of and in the course of the employment of the deceased; that the hazard of falling asleep while driving (deceased having stated to his wife that he went to sleep) was one to which his employment peculiarly subjected him, and that there had been no such deviation from the master's business as would bar a recovery of compensation. This award was affirmed by the board and by the superior court on appeal. To the judgment of the superior court exception is taken.

The decision of this case turns on the question whether or not the deceased, at the time of his injury, was acting in the course of and within the scope of his employment. If the claimant was an independent contractor at the time of his accident, the accident is not compensable. The burden of showing that the accident arose both out of and in the scope of employment was on the claimant. *Independence Indemnity Co.* v. *Sprayberry*, 171 *Ga.* 565 (156 S. E. 230). The test as to whether the deceased was an employee or an independent contractor is whether or not the work was to be done according to the workman's own methods, without being subject to the employer's control, except as to the results obtained. *Maryland Casualty Co.* v. *Radney*, 37 *Ga. App.* 286 (139 S. E. 832). So far as this case is concerned, the record is silent as to what was being done by the deceased from four o'clock p. m. on September 30 to two o'clock a. m. on October 1. The record does show that deceased was employed in the Covington territory, and that he was authorized, *but not required,* to sell insurance anywhere within the State. There was no evidence that the Covington territory embraced Fulton or DeKalb County. In a much stronger case than the case at bar this court held in *McIntyre* v. *J. M. Harrison & Co.*, 62 *Ga. App.* 241 (8 S. E. 2d, 580), that the evidence demanded the finding that the deceased was an independent contractor at the time of the accident. The claimant failed to carry the burden of showing that the accident arose out of and in the course of the employment. The superior court erred in affirming the award of compensation.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*