35977.   ROBERTS *v.* LOCKHEED AIRCRAFT CORP. *et al.*

Decided February 23, 1956.

*William P. Kennedy, Charlie Franco,* for plaintiff in error.

*Frank M. Swift, Jr., Woodruff, Swift & Stephens,* contra.

NICHOLS, J. 1. The contention of the employer and insurer is that the claimant's present disability was not caused by the injury of July 29, 1954, to her coccyx for which compensation was paid through December 6, 1954. The fact that compensation was paid on the original injury does not preclude the employer and insurer from contending that the present disability did not stem from the original injury. *Pepperell Manufacturing Co.* v. *Mathis,* 92 *Ga. App.* 85 (88 S. E. 2d 201).

2. "The burden is on the claimant to prove that the injuries for which compensation is sought arose out of and in the course of the employment, before compensation can be legally awarded to the claimant." *Hughes* v. *Hartford Accident &c. Co.,* 76 *Ga. App.* 785 (1) (a) (47 S. E. 2d 143). See also *Fulton Bag & Cotton Mills* v. *Haynie,* 43 *Ga. App.* 579 (159 S. E. 781); *Travelers Insurance Co.* v. *Faulkner,* 63 *Ga. App.* 438 (11 S. E. 2d 367); and *Ralph* v. *Great American Indemnity Co.,* 70 *Ga. App.* 115 (27 S. E. 2d 756).

There was no evidence adduced that the injury to the claimant's sacrum which required her coccyx to be removed had any connection whatever with her present disability (thrombo-phlebitis). Her personal physician testified in substance that *if she had received an injury to her leg* at the time she received the injury to her back that it *could* have caused the thrombo-phlebitis. He did not testify that there was any connection between the injury, or the operation which resulted therefrom, and the thrombo-phlebitis. Nor was there any evidence that the claimant injured her leg at the time she fell and struck her sacrum. Accordingly, the

442

judge of the superior court did not err in affirming the award of the State Board of Workmen's Compensation denying compensation to the claimant.

*Judgment affirmed.* *Quillian, J., concurs, and Felton, C. J., concurs in the judgment.*