20573.   FIDELITY & CASUALTY COMPANY OF NEW
YORK *et al. v.* SCOTT.

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 13, 1959—
REHEARING DENIED NOVEMBER 4, 1959.

*Smith, Field, Doremus & Ringel, Richard D. Carr, H. A. Stephens, Jr.,* for plaintiffs in error.

*Joe Salem,* contra.

HEAD, Justice. "Injury" and "personal injury" shall mean only injury by accident arising out of and in the course of the employment under the State Workmen's Compensation Act. Code (Ann.) § 114-102. The sole question before the deputy

director and the full board of workmen's compensation was whether the deceased was injured in an accident arising out of and in the course of his employment, or whether at the time of his injury he had turned aside and was engaged in sport or "horseplay" with a fellow employee.

The hearing director found from the evidence that, at the time of the deceased's injuries, he was engaged in sport or "horseplay" with a fellow employee, Leroy Gaines, and this finding was affirmed by the full board. If this finding was supported by competent evidence, the claimant could not recover. *Ga. Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881); *Maddox* v. *Travelers Ins. Co.,* 39 *Ga. App.* 690 (148 S. E. 307); *American Mut. Liability Ins. Co.* v. *Benford,* 77 *Ga. App.* 93, 98 (47 S. E. 2d 673).

The summary of Leroy Gaines' evidence in the finding of fact by the deputy director is amply supported by the brief of evidence of the hearing appearing in the record, and the testimony of this witness can not be disregraded or set aside solely because the witness at all times stated that, at the time Scott grabbed him around the neck, he had his back turned to Scott, and did not see what happened immediately prior thereto. The witness Leroy Gaines was the only witness who testified as to what happened after Scott grabbed him around the neck, and his statement that they were just playing, and that they scuffled some two or three minutes, would not be subject to the objection that it was a conclusion of the witness, since he testified to several acts that occurred during the period they were playing or scuffling and before they fell.

The able judge of the superior court in his opinion recognizes the rule that the finding of the director and the board, if supported by any competent evidence, is binding on the court. In this connection, see *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *American Mutual Liability Ins. Co.* v. *Curry,* 187 *Ga.* 342 (200 S. E. 150); *Liberty Mut. Ins. Co.* v. *Blackshear,* 197 *Ga.* 334 (28 S. E. 2d 860); *American Mut. Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295); *Royal Indem. Co.* v. *Coulter,* 213 *Ga.* 277 (98 S. E. 2d 899). The judge of the superior court disposes of Leroy Gaines' testimony with the

statement that his back was to the deceased, Alonzo Scott, at the time Scott grabbed him around the neck, and that the most reasonable conclusion to be drawn from what happened is that Scott stumbled and while falling, as an instinctive act of self-preservation, grabbed Leroy Gaines around the neck. For support of this conclusion, the court relies upon the statement of Robert Drake, who testified that, as he was walking toward his car, "out of the corner of his eye, it appeared to him that Scott reached and grabbed for Leroy. Appeared to him that he could have been falling. That he couldn't be positive as to what he saw, because he wasn't paying any attention." (From finding of hearing director).

The transcript of the evidence attached to the record shows that Robert Drake testified: "Out of the corner of my eye, it appeared to me that Scott reached and grabbed for Leroy. I don't know what he grabbed for, for support, or not, because I didn't pay no attention. Q. Did he appear to you to have been falling? A. It seemed to me that he could have been falling. Q. And that was when he grabbed Leroy? A. I just—at a glance, I couldn't swear to it."

The emergency-case report was admitted without objection, and was held by the hearing director to be of no probative value. This report is in no way inconsistent with the testimony of Leroy Gaines that both of them stumbled and fell at the time Scott was injured. In fact, it was in this fall that Scott was injured.

This is not a holding that the report was admissible in evidence either as a part of the res gestae under Code § 38-305, or under Code (Ann.) § 38-711 (Ga. L. 1952, p. 177), pertaining to writings and records made in the regular course of business, but in this connection see Knudsen v. Duffee-Freeman, Inc., 95 Ga. App. 872 (99 S. E. 2d 370); Hawkins v. Jackson, 97 Ga. App. 525 (103 S. E. 2d 634); Martin v. Baldwin, 215 Ga. 293 (110 S. E. 2d 344).

The judge of the superior court recognized the rule that the burden was on the claimant to establish by competent evidence her right to compensation. In this connection, see Travelers Ins. Co. v. Faulkner, 63 Ga. App. 438, 439 (11 S. E. 2d 367);

*American Mut. Liability Ins. Co.* v. *Harden*, 64 *Ga. App.* 593 (13 S. E. 2d 685); *Ralph* v. *Great American Indem. Co.*, 70 *Ga. App.* 115, 117 (27 S. E. 2d 756); *Aetna Casualty &c. Co.* v. *Honea*, 71 *Ga. App.* 569 (31 S. E. 2d 421); *Harper* v. *National Traffic Guard Co.*, 73 *Ga. App.* 385 (36 S. E. 2d 842); *Aetna Casualty &c. Co.* v. *Watson*, 91 *Ga. App.* 657 (86 S. E. 2d 656); *Roberts* v. *Lockheed Aircraft Corp.*, 93 *Ga. App.* 440, 441 (2) (92 S. E. 2d 51); *Francis* v. *Liberty Mut. Ins. Co.*, 95 *Ga. App.* 225, 226 (97 S. E. 2d 553). This the claimant failed to do under all the testimony and the record in this case. The finding by the hearing director that Scott was injured when engaged in sport or "horseplay" is amply supported by the uncontradicted and uncontroverted testimony of the witness, Leroy Gaines. Under the "any-evidence" rule, this finding may not be set aside.

The claimant's case otherwise falls within the rule stated by Judge Bell of the Court of Appeals (later Chief Justice of this court) in *Savannah River Lumber Co.* v. *Bush*, 37 *Ga. App.* 539, 541 (140 S. E. 899), wherein Judge Bell, speaking for the court, said: "The obligation of the employer under the workmen's compensation act is not that of an absolute insurer, and the burden is upon the claimant to prove a case to which the statute is applicable. Even though it may be true in this case that the decedent's death did in fact arise out of his employment, there is no evidence of the fact, and liability can not be imposed merely because the actual circumstances are incapable of proof. It is more consistent with legal justice that a given case should fail for want of evidence than that it should succeed merely because the truth can not be shown."

*Judgment reversed. All the Justices concur, except Wyatt, P. J., and Mobley, J., who dissent.*