## 49102. SANFORD v. UNIVERSITY OF GEORGIA BOARD OF REGENTS.

PANNELL, Judge.

1. The language of the statute (Code § 114-102; Ga. L. 1920, p. 167, as amended) is: " 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment. . ." Under liberal construction, the statute includes injury received in doing an act which the injured employee was employed directly to perform, or an act incidental thereto, reasonably necessary in performance of the act he was employed to perform. If, in performance of an act which he was directly employed to do, or an act reasonably necessary to be done in order to perform the act he was employed to do, the employee receives accidental injury, such injury is compensable. If the act does not come within either of these classifications, the injury is not compensable. *United States Fidelity &c. Co. v. Skinner,* 188 Ga. 823, 829 (5 SE2d 9).

2. "Under repeated rulings by the Court of Appeals and this court, the commissioner's findings are conclusive as to facts, where supported by any evidence." *Independence Indemnity Co. v. Sprayberry,* 171 Ga. 565 (156 SE 230).

3. The burden is on claimant to show that injury to employee arose, both out of and in the scope of employment; the burden was not carried here. *Travelers Ins. Co. v. Faulkner,* 63 Ga. App. 438, 439 (11 SE2d 367); *Roberts v. Lockheed Aircraft Corp.,* 93 Ga. App. 440 (92 SE2d 51).

4. Where no question of statute of limitation as to time of, or method of service of, notice of claim for compensation within one year of accident is raised at hearing by board, both parties being represented by counsel, the same is waived and cannot be raised for the

first time in this court.

5. Pretermitting questions of whether there was a failure to properly raise questions by enumeration of error, all other questions have either been abandoned, or, are rendered moot by the above rulings.

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Deen, Quillian, Clark and Webb, JJ., concur. Stolz, J., concurs specially. Evans, J., dissents.*

SUBMITTED FEBRUARY 7, 1974 — DECIDED MAY 21, 1974.

*L. D. Burns, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, Robert S. Bomar, Carl C. Jones, Assistant Attorneys General,* for appellee.

STOLZ, Judge, concurring specially.

I concur in the judgment and the reasoning expressed in the majority opinion, but would like to add an observation as to the award. The evidence presented authorizes the finding of the deputy director that the "claimant did not suffer an injury which arose out of and in the course of his employment. That there was no

evidence that the convention claimant was to attend was a part of his employment." These findings of fact are correct and under the "any evidence rule" this court is bound by them. However, for the reasons stated in *McDonald v. State Hwy. Dept.,* 127 Ga. App. 171 (192 SE2d 919) and cits., I strongly disagree with that portion of the deputy director's finding of fact wherein the deputy director found, "That even if he were being sent by the employer to the convention, and salesmen and traveling men are given great latitude while traveling, claimant was on a mission personal to himself, to get cigarettes. That he was doing nothing to further the business of his employer." Obviously, this "finding" is surplusage. It is not essential to the award in this case. It is dictum and, in my opinion, patently · erroneous dictum, that materially detracts from the basic award.

EVANS, Judge, dissenting.

I dissent and vote to remand this case to the State Board of Workmen's Compensation for the taking of additional evidence. The record shows that a certain stipulation has not been complied with, as to completion of the record, by counsel for the employer.

Claimant was injured while on a trip from Milledgeville, Georgia to Cleveland, Ohio, by way of Atlanta. He was to attend a convention of other social workers. While waiting in Atlanta for his plane, claimant went to get cigarettes and was seriously injured (brain damage—so badly he could not testify). The deputy director wrote the award in this case (which the majority opinion affirms) on the following theory, to wit: "There is no evidence that the convention claimant was to attend was a part of his employment." (Tr. p. 56) But the transcript, at pages 16-17, shows that counsel for the employer stipulated that the claimant was in the general employment of the employer at the time of his injury; and then, the following occurred: "Director: Well, the parties can do this; the original records would be the highest and best evidence of what the earnings were, and it would cover a 13 week period preceding the date of injury. I feel sure that the parties can get that information and stipulate it and send it in by letter to be made a part of

this hearing. Counsel for claimant: Will that be all right? Counsel for employer: Yes. The director: Okay, fine." The deputy director never required counsel for the employer to comply with his agreement before making the award.

The case should be remanded so counsel for employer may be required to comply with his agreement and stipulation, which he has not done thus far. This important evidence is not in the record, as yet, despite the stipulation that it would be included by letter. It is important to have the payroll record for the 13 weeks immediately preceding the injury so it may be determined whether claimant was being paid by the employer for attending the convention. In addition, the board should allow any other evidence to be submitted which will reflect upon the question of whether or not the trip to the convention was authorized or sanctioned by the employer.