A90A2159. LEE v. MIDDLETON LOGGING COMPANY et al.
(402 SE2d 536)

COOPER, Judge.

We granted this discretionary appeal to consider whether appellant's injury arose out of and in the course of his employment. The Administrative Law Judge issued an award in favor of appellant, and on appeal, the Full Board reversed the ALJ's award, finding that the injury was caused by appellant's wilful misconduct and that the injury did not arise out of and in the course of appellant's employment. The superior court affirmed and this appeal followed.

Appellant, who was employed full time with another employer, worked on weekends for appellee logging company washing and greasing trucks and performing minor mechanical tasks on the trucks. Testimony revealed that he did not work every Saturday or every Sunday. When appellant did work on Saturdays or Sundays, he would arrive at work early in the morning and continue working until the job was completed, at which time he would leave for the day. On the Friday evening prior to the day of the accident, appellant asked Mr.

Middleton, the owner of the logging company, if he would be needed to work the next day. Several witnesses who were present testified that Middleton specifically told appellant that he would not be needed to work the next day. Appellant told Middleton that he wanted to discuss some business with him and that he would come by the next day to do so. In the afternoon of the next day, appellant came by the workplace to show the owner a shotgun he had purchased that morning and to borrow some money from the owner. Appellant then went over to an area where an independent contractor working for appellee was working on some trailers. Appellant began climbing on the trailers in an attempt to assist the independent contractor with his work. The independent contractor testified that he instructed appellant not to do the work and to get off the trailer. Appellant then fell and injured his foot. Middleton was not aware of appellant's actions and never instructed him to assist the independent contractor.

The full board found "that the evidence shows that the employee had been given explicit instructions by employer not to work on the day in question. The employee's conduct in not arriving at the job site until 2:00 p.m. demonstrates that he only went to the job site for personal non-work-related reasons, therefore, his injury did not arise out of or during the course of his employment." "A finding of fact by . . . the Full Board, 'when supported by any evidence, (is) conclusive and binding. [Cit.] The superior court is not authorized to substitute its judgment for that of the Full Board. [Cit.] The superior court is authorized to reverse an award of the Full Board only when there is plain error of fact or an error purely of law. [Cit.]' " *Selfridge v. Morrison Cafeteria Co.*, 192 Ga. App. 469 (1) (385 SE2d 137) (1989). After a review of the entire record, we determine that there is ample evidence to support the full board's factual findings. Further, "[a]n accident 'arises in the course of the employment' within the meaning of the compensation Act when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while he is fulfilling his duties *or engaged in doing something incidental thereto.* [Cit.]" (Emphasis in original.) *Barge v. City of College Park*, 148 Ga. App. 480 (1) (251 SE2d 580) (1978). In the instant case, appellant's injury did not occur during a period of employment or at a place where he would reasonably be in the performance of work-related duties because appellant was specifically instructed not to come in to work that day at all. Violating the admonitions of the independent contractor, appellant continued to perform tasks that he was not directly employed to do and which were not incidental to any act that he was employed to do. See *Sanford v. Univ. of Ga. Bd. of Regents*, 131 Ga. App. 858 (1) (207 SE2d 255) (1974). Appellant came by the workplace in the afternoon for

non-work-related reasons, and we agree with the full board and the superior court that his injury did not arise in the course of his employment and is therefore not compensable. Our opinion renders it unnecessary for us to consider the other basis for the full board's decision.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 13, 1991.

*Edward E. Boshears,* for appellant.
*Lawson & Davis, G. Thomas Davis, William F. Mitchell,* for appellees.