A93A1487. GRIGGS v. ALL-STEEL BUILDINGS, INC. et al.
(433 SE2d 89)

BLACKBURN, Judge.

This is the second appearance of this case before this court. In *Griggs v. All-Steel Bldgs.*, 201 Ga. App. 111 (410 SE2d 309) (1991), we noted that Griggs may move the Clayton County Superior Court to set aside the subject workers' compensation award based on fraud, pursuant to OCGA § 9-11-60 (d). That case did not address the question of remedies related to a separate cause of action based on the fraud of the defendants. In the present case, the appellant/plaintiff, Andy M. Griggs, by and through his mother acting as next friend, filed the instant tort action in the State Court of Fulton County

against appellees/defendants All-Steel Buildings, Inc. (All-Steel), his former employer, and Aetna Casualty & Surety Company (Aetna), its workers' compensation insurance carrier, for damages resulting from appellees' fraudulent procurement of a settlement agreement with the appellant in the underlying workers' compensation case. The appellees responded, asserting several defenses. Five months later, the appellees moved for the dismissal of the complaint pursuant to OCGA § 9-11-12 (b) (1) based upon the trial court's lack of subject matter jurisdiction. The trial court granted the appellees' motion to dismiss, concluding that the appellant's recourse is the filing of a motion to set aside the judgment in the Clayton County Superior Court, the superior court of the county in which the workers' compensation claim arose, and this appeal followed.

The employee sustained a severe head injury on November 4, 1987, arising out of and in the course of his employment. His claim was accepted as compensable, and he was paid weekly indemnity and medical benefits by Aetna on behalf of All-Steel.

Griggs sustained serious head injuries and brain damage as a result of the subject incident and is permanently mentally impaired. The claims agent for Aetna asked Griggs to meet concerning a settlement of the case. When Griggs responded that he wanted to call an attorney, he was told that was unnecessary as an attorney would only cost him money. Griggs met the agent at a local restaurant and a "settlement agreement" resulted, which was submitted to and approved by the State Board of Workers' Compensation on May 31, 1988. Defendants did not advise the Board of: (1) Griggs' head injuries; (2) Griggs' impaired mental capacity; (3) Griggs' desire to have an attorney, or (4) Aetna's inappropriate advice to Griggs that he did not need an attorney.

The Board was unaware of the above facts at the time it approved the "settlement agreement." In June 1989, the Clayton County Superior Court approved a petition filed by Aetna and All-Steel, to make the May 31, 1988, award of the Board, the award of the court. Griggs had in the meantime moved the Board to set aside the May 31, 1988, award and had then filed the prior action in the Fulton County State Court.[1]

Griggs contends that the trial court erred in holding that as a matter of law, his fraud claim against the defendants was barred by the Workers' Compensation Act and that his remedies were exclusively those provided under said act. We agree.

"[W]here the workers' compensation law is applicable, it provides

---

[1] This was the underlying case cited as *Griggs v. All-Steel Bldgs.*, 201 Ga. App. 111, supra.

the employee's exclusive remedy against his employer." *Freeman v. Ryder Truck Lines*, 244 Ga. 80, 82 (259 SE2d 36) (1979). Conversely, although "the remedy provided by this statute is exclusive within the field of its operation, but it does not exclude redress in cases to which it is not applicable." *Covington v. Berkeley Granite Corp.*, 182 Ga. 235, 237 (184 SE 871) (1936).

It is true, that in general, our workers' compensation law provides an employee's exclusive remedy against his employer for on-the-job injuries and provides benefits to such employee injured *"by accident* arising out of and in the course of employment." OCGA § 34-9-1 (4). Fraud, however, is not an "accident" and the damages resulting therefrom do not arise "out of or in the course of the employment," but rather, result from the intentional misconduct of the defendants subsequent to the physical injuries which gave rise to the original workers' compensation claim. Exemplary damages for fraud are not within the power of the Workers' Compensation Board to award.

Defendants' argument that plaintiff's exclusive remedy for this action in fraud is under the Workers' Compensation Act pursuant to OCGA § 34-9-11, is misplaced. Georgia appellate courts have held that plaintiffs' remedies for fraud do not lie exclusively in the domain of the Workers' Compensation Board. In *Cline v. Aetna Cas. &c. Co.*, 137 Ga. App. 76 (223 SE2d 14) (1975), as in the instant case, plaintiff filed a complaint alleging the defendants, including the employer and workers' compensation carrier, defrauded claimant by withholding medical evidence of claimant's condition from the Workers' Compensation Board at the time of approval of the lump sum settlement and sought recovery of special damages for loss of workers' compensation benefits and exemplary damages to deter the defendants from again perpetrating such fraud. In that case, the court held: "Such an action does not lie within the jurisdiction of the workmen's compensation board." Id. at 77. "[T]he right to bring an ordinary action for damages is not excluded by this statute [workers' compensation statute] as to injuries which do not fall within its terms." (Citations and punctuation omitted.) *Bright v. Nimmo*, 253 Ga. 378, 379-380 (320 SE2d 365) (1984).

In *Smith v. Rich's, Inc.*, 104 Ga. App. 883 (123 SE2d 316) (1961), the court held that intentional torts are not covered by the Workers' Compensation Act and a common law tort action could be maintained where plaintiff alleged that her employer falsely arrested and imprisoned her for five hours while investigating a shortage of money, and that during this period she was denied medicine and milk to relieve the pain of stomach ulcers and was denied food and water and the use of the rest room.

In *Bright v. Nimmo*, supra, the Georgia Supreme Court in responding to a question certified to it by the United States Court of

Appeals for the Eleventh Circuit, held that where the plaintiff alleges merely that the defendants wilfully and intentionally delayed paying workers' compensation benefits to him and that the defendants delay caused plaintiff adverse financial consequences and foreclosure upon his home (claims which are not normally compensable even in a tort action), claimant has no independent cause of action against the employer or insurer *where reasonable penalties for such delay are provided by the Act.* The instant case is readily distinguishable as it involves an action for *fraud* as opposed to *mere delay* in the payment of sums which the carrier did in fact pay. As the court pointed out in *Bright v. Nimmo,* supra at 381, "almost every delay in payment by a solvent payor will be wilful and intentional with the consequences upon the payee being dependent upon the payee's financial circumstances." No allegation of fraud was made in *Bright,* and an award of attorney fees and penalties had been made by the Workers' Compensation Board pursuant to OCGA § 34-9-221 (e), which provided a specific remedy for delay in payment. The Workers' Compensation Board had authority to award sums to satisfy reasonably all appropriate elements of damage to which claimant would be entitled for a mere delay in payment. Fraud is addressed by the Workers' Compensation Act only to the extent that an award may be set aside based on fraud; however, in this action, "[c]laimant is not seeking to set aside an order procured by fraud; claimant is seeking damages against the procurers of fraud." *Cline v. Aetna Cas. &c. Co.,* supra at 77. The intention of the Georgia Supreme Court to confirm the existence of a common law tort cause of action in fraud cases in *Bright v. Nimmo,* supra, is made clear by the fact that *Cline v. Aetna Cas. &c. Co.,* supra, is cited therein as authorizing such holding. See *Bright v. Nimmo,* supra at 380.

*Aetna Cas. &c. Co. v. Davis,* 253 Ga. 376 (320 SE2d 368) (1984), relied upon by appellee is factually distinguishable. In that case, Davis sought relief in the Fulton Superior Court for an alleged breach of the settlement agreement in a workers' compensation case, which agreement had been made an award of the Workers' Compensation Board, after Aetna filed a notice to controvert the claim for expenses incurred for knee surgery, subsequent to the award and authorized under the terms of the award, which award left medicals conditionally open for a three-year period.

The Georgia Court of Appeals held in part, that seeking judicial enforcement of the compensability of the expenses as a fact question exists in connection therewith and same must be resolved by the Workers' Compensation Board, which holding was affirmed by the Georgia Supreme Court. Id.

Davis contended that although the settlement agreement was an award of the Workers' Compensation Board, it was also a contract,

the tortious breach of which affords her a cause of action cognizable in superior court. The Court of Appeals agreed with Davis and reversed the dismissal. The Supreme Court reversed this holding finding that the duty of approving items of medical expense is placed on the Workers' Compensation Board and if there must be further expense incurred after an award is made, bills for these expenses should be submitted to the Board for approval and award. It follows, that Aetna was authorized to controvert and decline to pay the claim until such time as the Board determined whether it was compensable under the award. This is not changed by the fact that the award is also a settlement agreement where the Workers' Compensation Act provides a reasonable remedy for any failure to comply with the award as alleged by Davis. *Davis* did not allege fraud, and the Supreme Court essentially ruled that a claimant cannot maintain a simple breach of contract action for alleged violations of an award of the Workers' Compensation Board, where the Workers' Compensation Act provides a reasonable remedy for such conduct. *Davis* clearly does not stand for the position argued by appellee herein, since *Davis* cites as authority, *Bright v. Nimmo*, supra, which case refers to *Cline v. Aetna Cas. &c. Co.*, (which authorizes independent tort actions for fraud) at 380, as stated above.

Georgia law provides a common law cause of action for fraud or other torts committed by an employer or workers' compensation insurer against a claimant, where such act is not an accident arising out of and in the course of employment and where a reasonable remedy for such conduct is not provided by the Workers' Compensation Act.

For the purpose of this review, all allegations contained in plaintiff's pleadings are accepted as true. No attempt is made herein to rule on any issue not presently before this court, including the application of the statute of limitation, the truth of plaintiff's allegations or the sufficiency of plaintiff's proof of the fraud alleged.

Because of the above holding, it is unnecessary to address appellant's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 11, 1993 —
RECONSIDERATION DENIED JUNE 28, 1993 — 

*Davis, Gregory, & Christy, Hardy Gregory, Jr., Burdine & Brown, Thomas F. Brown II, Drew, Eckl & Farnham, John G. Blackmon, Jr.*, for appellant.

*Neely & Player, Linda B. Foster, Andrew J. Hamilton*, for appel-

lees.