S97G1889. POTTS et al. v. UAP-GA. AG. CHEM., INC. et al.

(506 SE2d 101)

CARLEY, Justice.

Rusty LeBlanc became ill after cleaning chemicals for his employer, UAP-GA. AG. CHEM., INC. (UAP). During stays at two hospitals, LeBlanc was treated for chemical poisoning and for other possible conditions. One doctor, as part of the explanation for his decision to discontinue the treatment for chemical poisoning, stated that he had been reassured by David Register, the branch manager for UAP, that LeBlanc could not possibly have been exposed to any chemicals. LeBlanc eventually died and Potts, as administrator, and LeBlanc's widow, on behalf of herself and LeBlanc's minor child,

(Appellants) brought this wrongful death and survival action against UAP and Register (Appellees), alleging fraud and intentional infliction of emotional distress. The trial court granted summary judgment in favor of Appellees, holding that they are immune from suit pursuant to the exclusive remedy provision of the Workers' Compensation Act (Act), OCGA § 34-9-11. The Court of Appeals affirmed on the basis that there was no showing of any personal animosity between Register and LeBlanc unrelated to the conduct of UAP's business. *Potts v. UAP-GA AG CHEM*, 227 Ga. App. 841, 846 (490 SE2d 432) (1997). We granted certiorari to consider whether the intentional torts allegedly committed off the worksite and at a time when LeBlanc was not engaged in any work activity can be considered to have arisen "out of and in the course of" his employment such that the exclusive remedy provision of OCGA § 34-9-11 applies.

Tort immunity is dependent upon the compensability of the injury under the Act. If the willful act of a third person is directed against an employee for reasons personal to such employee, then there is not a covered injury and, consequently, no tort immunity. OCGA §§ 34-9-1 (4); 34-9-11 (a); *Hennly v. Richardson*, 264 Ga. 355, 356 (1) (444 SE2d 317) (1994). Whether an injury is compensable or only a non-compensable occurrence due to "reasons personal to" the employee is dependent upon whether the injury arose out of and in the course of the employment. *Hennly v. Richardson*, supra at 356 (1). See also *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607, 608 (271 SE2d 739) (1980). It has long been established that the statutory requirements that the injury arise "out of" the employment and "in the course of" the employment both " 'must concur before the work(ers') compensation act can apply to an injury to an employee. (Cit.)' [Cit.]" *Garrett v. K-Mart Corp.*, 197 Ga. App. 374, 375 (398 SE2d 302) (1990). Thus, unless the alleged injury to LeBlanc arose "out of" and "in the course of" his employment with UAP, it arose from "reasons personal to" him and Appellees have no tort immunity for that non-compensable injury.

> An injury arises "in the course of" employment when it occurs within the period of the employment, at a place where the employee may be in performance of [his or] her duties and while [he or] she is fulfilling or doing something incidental to those duties. [Cit.]

*Hennly v. Richardson*, supra at 356 (1). "This statutory requirement relates to the time, place and circumstances under which the injury takes place. [Cit.]" *Murphy v. ARA Services*, 164 Ga. App. 859, 861 (298 SE2d 528) (1982). Therefore, the Court of Appeals erred by considering only evidence of personal animosity between Register and

LeBlanc which was unrelated to the conduct of UAP's business. The record shows that the alleged fraud did not occur during the period of LeBlanc's employment, the hospital clearly was not a place where he performed employment duties, and he was not fulfilling or doing anything incidental to his employment duties. See *Lee v. Middleton Logging Co.*, 198 Ga. App. 585 (402 SE2d 536) (1991). Compare *Hennly v. Richardson*, supra at 356 (1). Thus, any damages resulting from the alleged fraud "do not arise 'out of or in the course of the employment,' but rather, result from the intentional misconduct of the defendants subsequent to the physical injuries which gave rise to the original workers' compensation claim." *Griggs v. All-Steel Bldgs.*, 209 Ga. App. 253, 256 (433 SE2d 89) (1993).

Georgia law provides a common law cause of action for fraud and other intentional torts committed by an employer or co-employee where the tortious "act is not an accident arising out of and in the course of employment and where a reasonable remedy for such conduct is not provided by the Workers' Compensation Act." *Griggs v. All-Steel Bldgs.*, supra at 257. The Act does provide penalties for false or misleading statements made for the purpose of obtaining or denying benefits. OCGA §§ 34-9-18 (b); 34-9-19. However, those penalties are deposited in the general fund of the state treasury and, thus, do not constitute a reasonable remedy for the defrauded employee. OCGA §§ 34-9-18 (f); 34-9-19. Even if the Act permitted an employee to recover for the employer's or co-employee's fraud which exacerbates an initial compensable injury, such an award would not include exemplary damages. *Johns-Manville &c. v. Contra Costa &c.*, 165 Cal. Rptr. 858, 866, fn. 12 (Cal. 1980). "Exemplary damages for fraud are not within the power of the Workers' Compensation Board to award." *Griggs v. All-Steel Bldgs.*, supra at 255. However, an employer's or co-employee's fraudulent act can be so egregious and the societal interest in deterring such conduct so great that there is justification for awarding the employee punitive damages. See *Johns-Manville &c. v. Contra Costa &c.*, supra at 866. The absence of any reasonable remedy in this case readily distinguishes it from those which involve an action for mere delay in payment for or authorization of medical treatment. *Doss v. Food Lion*, 267 Ga. 312 (477 SE2d 577) (1996); *Bright v. Nimmo*, 253 Ga. 378 (320 SE2d 365) (1984). Also distinguishable is *Southwire Co. v. Benefield*, 184 Ga. App. 418 (361 SE2d 525) (1987), which stands for the correct proposition that the exclusive remedy provision of the Act bars an employee's tort action for a compensable injury allegedly resulting from intentional misconduct. *Southwire* does not hold that an employee cannot bring a tort action for a *non*-compensable injury allegedly resulting from the employer's or co-employee's intentional misconduct.

The Act provides an employee with no reasonable remedy for the

employer's or co-employee's fraud or intentional infliction of emotional distress which does not arise "in the course of" employment. Since the evidence, when construed most favorably for Appellants, shows that the alleged torts did not arise "in the course of" LeBlanc's employment, we hold that the Court of Appeals erred in affirming the trial court's grant of summary judgment in favor of Appellees.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., who dissents.*

FLETCHER, Presiding Justice, dissenting.

I would affirm the grant of summary judgment to the employer. The facts show that Rusty LeBlanc's death flows from a work-related incident. Since any statements by the employer's branch manager arose in the course of LeBlanc's employment, the exclusive remedy provision of the Georgia Workers' Compensation Act applies. By denying tort immunity in this case, we are encouraging employers to refuse to talk to health care providers concerning on-the-job activities. For these reasons, I dissent.

DECIDED SEPTEMBER 14, 1998 —
RECONSIDERATION DENIED OCTOBER 23, 1998.

*John M. Brown, Stephen L. Ivie,* for appellants.
*Gardner, Willis, Sweat & Goldsmith, Donald A. Sweat, Todd S. Handelman, King & Spalding, J. Kevin Buster, Carmen R. Toledo,* for appellees.