37284. WHITENER *v.* BALY TIRE COMPANY.

DECIDED SEPTEMBER 18, 1958—
REHEARING DENIED OCTOBER 3, 1958.

*Smith, Field, Doremus & Ringel, Charles L. Drew, Richard D. Carr,* for plaintiff in error.

*Smith, Swift, Currie & McGhee, Glover McGhee,* contra.

TOWNSEND, Judge. ■ Since the award is in favor of the employer, the claimant cannot set it aside if there is any evidence to support it. *Independence Indem. Co.* v. *Sprayberry,* 171 *Ga.* 565 (156 S. E. 230) ; *Austin* v. *General Accident &c. Corp.,* 56 *Ga. App.* 481 (193 S. E. 86) ; *American Motorists Ins. Co.* v. *Blaylock,* 84 *Ga. App.* 409 (66 S. E. 2d 126). On the other hand, before the claimant can reverse and set aside this award, a finding for compensation must be demanded by the evidence. We will accordingly make reference here only to evidence which is uncontradicted. A finding is demanded that this claimant was employed by the defendant on February 23, 1957; that pursuant to his duties he bent over to pick up a tire which weighed be-

tween 50 and 60 pounds; that he did not clear the tire from the floor in his effort to lift it; that as he was thus engaged he felt a sharp pain in his back and fell over the tire; that he was unable to move from this position and was assisted to a seat on a box of rubber situated nearby by two fellow employees; that he requested them to go and inform his employer of his injury; that the employer was immediately informed of the injury to the claimant and came to him within 10 to 15 minutes after the occurrence; that upon being asked what was the matter, he stated that he had "the same old trouble" and wanted to be sent home. His employer advised him that he had no means of sending him home at exactly that time, and while arrangements to get him home were under way the claimant decided to take a trolley; that by the time he reached home he was suffering excruciating pain in his back and was so bent and disabled that he could barely get into the house; that relatives took him to Grady Hospital; that he was X-rayed in Grady Hospital on February 25, and told to go home and sleep on a board; that on March 8, he returned to Grady Hospital and was put in a plaster of Paris cast. He continued to suffer with back pain until May 2, 1957, which was the date of the hearing before the deputy director. That he was examined and X-rayed by Dr. J. C. Tanner, who testified as a witness in his behalf. These examinations were on March 25, April 8, and May 1, 1957. From the X-ray made by Dr. Tanner he found and testified positively that the claimant was suffering from a recent fracture of a vertebra. He gave as his opinion that the picking up of a tire such as that described by the evidence could produce an injury such as that suffered by the claimant but that it was very unlikely. He further testified that the condition of the claimant's back was acute. The testimony of Dr. Tanner to the effect that the claimant was suffering from a recent fracture of a vertebra is undisputed although Dr. Joseph H. Boland, testifying on behalf of the employer, examined the same X-ray from which Dr. Tanner gave his testimony and stated that he could not say there was a fracture or if so whether it was recent or old. Dr. Boland concurred in Dr. Tanner's opinion that a fracture of the vertebra is unlikely to occur in an accident such as that described by the claimant as having oc-

curred to him in connection with this case. One of the fellow employees of the claimant corroborated the testimony of the claimant as to his fall, his being assisted to a sitting position nearby, and his notice to the employer of his injury. The employer testified as to the notice and as to the statement of the defendant that he was suffering from the "same old trouble." This statement on the part of the defendant, however, does not detract from the fact that he was injured at the time he bent over and attempted to lift the tire. The evidence shows that he was suffering from a chronic kidney trouble for several years, and of course the claimant had no way of knowing just what had happened to his backbone at the time of his injury. He would have naturally assumed at the time that the pain in his back was from a kidney condition and not from a fracture. The evidence, however, demands a finding that upon his attempt to lift the tire he fell and requested to be moved to a sitting position; that he was barely able to walk; that with great difficulty he got home; that he required assistance to get to Grady Hospital; that he was soon thereafter placed in a plaster of Paris cast as a part of his treatment at the hospital; and that within 28 days from that time an X-ray was made of his back which did show a fracture of the vertebra and which did show such fracture to be of recent origin.

There being no evidence in this record of any bone disease that could of itself cause a fracture, the evidence demands a finding that the fractured vertebra in the claimant's back was of traumatic origin. The evidence reveals no happening that could have caused such a traumatic fracture other than the attempt on the part of the claimant to lift the tire. His complete disability dates back to that very moment. This finding is demanded notwithstanding the opinion testimony of both doctors of the unlikelihood of it happening under the circumstances as shown by this evidence. See *Lockheed Aircraft Corp.* v. *Marks*, 88 *Ga. App.* 167 (76 S. E. 2d 507). Accordingly, the evidence demands a finding in favor of the claimant for compensation.

■ ■ Over strenuous objection on the part of counsel for the claimant, oral and documentary evidence of a criminal record of the claimant was introduced. It is unnecessary to determine

whether this evidence was properly introduced since its only purpose was to impeach the testimony of the claimant and since this testimony was specifically held by the board not to have been considered. Where an attempt is made to impeach a witness by showing his conviction of a crime involving moral turpitude, the question of whether or not his testimony is to be given credit is for the fact-finding tribunal (Code §§ 38-1805, 38-1806), which in this case was the Workmen's Compensation Board, and since this testimony was not considered, the claimant cannot be held to have been impeached. Accordingly, his testimony must be given the same force and effect that it would have received had this evidence not been introduced.

█ The hospital records of the claimant's treatment for kidney trouble over a considerable period of time were introduced in evidence without objection. Counsel for the claimant now contends that this evidence, being purely hearsay, is without probative value and that it is inadmissible under the authority of *Longstreet* v. *Longstreet,* 205 *Ga.* 255 (4) (53 S. E. 2d 480); *American Mutual Liability Ins. Co.* v. *Kent,* 71 *Ga. App.* 453 (31 S. E. 2d 81) and similar cases. See also *Knudsen* v. *Duffee-Freeman, Inc.,* 95 *Ga. App.* 872 (99 S. E. 2d 370). Counsel for the defendant contends that the evidence is admissible and entitled to probative value as coming within the purview of Code (Ann.) § 38-711. Regardless of this, the claimant himself testified that he had previously suffered from kidney trouble and a finding of fact to this effect was authorized. However, the finding by the board that the disability from which the plaintiff now suffers was caused by the kidney ailment rather than the fractured vertebra is unauthorized by the evidence. While the record shows that he was unable to work full time on account of his kidney ailment, his total inability to work as pointed out in division 1 hereof, stems from the very moment that he fell while attempting to lift a tire which was done in the course of his employment. On the other hand it is inconceivable that kidney trouble can cause the fracture of a vertebra. Whether or not this evidence is properly in the record becomes immaterial since the evidence as a whole demands a finding in favor of the claimant.

The judgment of the superior court affirming the award of the full board in favor of the employer is error.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*