39127. AMERICAN FIRE & CASUALTY COMPANY *et al.* v. GAY.

Decided November 27, 1961.

844

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* for plaintiffs in error.

*Jack D. Evans,* contra.

BELL, Judge. ■ The first ground upon which the superior court reversed the award of the State Board of Workmen's Compensation was that the evidence failed to support the finding of the board that the wrestling episode took place in March, 1959, when in fact it took place in March of 1960. In view of the

finding that this incident was the proximate cause of the final injury suffered by the claimant, the court held the failure to designate the correct date was error sufficient to require reversal of the order of the board. We disagree with this premise.

Upon appeal from an order of the board granting or denying compensation, the decision of the board cannot be set aside if there is any evidence to support it unless one, or more, of the other grounds of reversal authorized in *Code* § 114-710 is present. "In reviewing an award by the full board denying compensation, this court must accept that evidence most favorable to the employer." *Austin v. General Acc. Fire &c. Corp.*, 56 Ga. App. 481 (193 SE 86). Since the award is in favor of the defendant, the claimant cannot cause it to be set aside if there is any evidence to support it. Before the claimant can cause the award to be reversed and set aside, a finding for compensation must be demanded by the evidence. *Whitener v. Baly Tire Co.*, 98 Ga. App. 257 (105 SE2d 775).

The controlling and decisive fact found by the board was that the injury was proximately caused by the "horseplay." The evidence justifies this finding. It is compatible with this finding that compensation was not allowable for the injury. While the board obviously erred in finding as a fact that the wrestling episode occurred in March, 1959, since the evidence clearly shows it occurred in March of 1960, the controlling fact found was that the injury proximately resulted from this "horseplay," and the apparent mistake as to the date it was found to have occurred is immaterial. Whether the injury occurred before or after the other accident testified to by the claimant, the authorized finding by the board that the injury was the proximate result of the "horseplay," bars compensation.

The evidence in the record supports the denial of compensation. The trial court erred in reversing the award of the board on this ground.

■ The second ground of the trial judge's order of reversal was that the concluding part of the award finding that the claimant had not carried the burden of showing that the spinal injury arose out of and in the course of his employment was based on an erroneous assumption of law as to which party had the burden.

In this view, too, we think the trial court erred.

It is elemental that the burden of proof is on the claimant in a workmen's compensation case to prove that the accident arose out of and in the course of employment. It is equally well-settled. that the burden of proof is upon the employer who claims that compensation is not payable because of the employee's wilful misconduct. See *Code* § 114-105.

In this case the evidence is consistent with either of these two rules regarding the burden of proof.

In attempting to carry his burden, the claimant testified to an accident which occurred to him while at work. At the time, the duties of his employment were that he was "waiting on a man who is operating the saw and picking up scraps and getting them out of the way." He testified: "A. Well, I had turn of stuff, took it off the saw there, and was carrying it across the place, back there, where the pallets are at, and I was going across there in a hurry to get back to the saw, and a strip on the floor, it hung on my breeches leg and it throwed me and I tried to miss it, stuff going on my arms and that is when the thing felt like needles popped me in my backbone."

This testimony, in substance reasserted numerous times, was sufficient to have authorized a finding that the claimant had carried his burden of proof that the injury had arisen out of and in the course of his employment.

The testimony with respect to the "horseplay" episode (which if offered as a defense by the employer would have placed the burden of proof upon him) was first elicited by claimant's counsel on cross-examination from the defendant's witness, Robert Taylor. On redirect examination Taylor testified: "Q. Who was he [the claimant] wrestling with? A. Milton D. Mall was push foreman before I become fully in charge of the saws. Q. Push foreman? A. We call him 'little boss.' Q. When were they wrestling in connection with when Mr. Gay claims he got hurt? A. I don't know, sir, not up to the day, but it was after he come back with the second claim to Doctor Kelley, and he run up behind Milton D. Mall, caught him backhanded, and picked him up on his hip and Mall, it made him mad, and Gay had him down on the dirt on the floor, and he come back and

knocked Gay's hat off and Gay jumped up and run back to the saw, and Milton turned around and couldn't—continued what he was doing." Again, on recross-examination, Taylor testified: "A. Melvin [claimant] run up and throwed him across his hip and throwed him backward and Milton come down backwards on him. . . Q. Melvin [claimant] throw Milton D. Mall on himself? A. That's right."

This testimony on the "horseplay" incident was paraphrased into a hypothetical question and asked of Dr. [M] as to whether the doctor thought the instance was a probable producing cause of the claimant's acute status. To this inquiry the doctor replied that he thought it was in the realm of medical probability rather than a possibility.

The evidence relating to the "horseplay" (while sufficiently adequate to have authorized the board to find, if it had chosen to do so, that the employer had carried his burden of proof that compensation was barred by the employee's wilful misconduct) was contradictory of the testimony of the claimant that he was injured when he fell "getting scraps out of the way." Viewed in the light that it is contradictory testimony, the evidence regarding the "horseplay" incident was sufficient to authorize the board to disbelieve the claimant's testimony, and in logical sequence to find as a matter of fact that the claimant had not carried his burden of proof that the injury of which he complained arose out of and in the course of his employment.

It follows that this finding, securely based on the evidence, bars an award of compensation to the claimant. *Fidelity &c. Co. v. Scott,* 215 Ga. 491, 495, 496 (111 SE2d 223); *American Mut. Liability Ins. Co. v. Harden,* 64 Ga. App. 593, 595 (13 SE2d 685).

■ The third ground assigned by the trial court in reversing the award was based on the recital of evidence in the award to the effect that the claimant was seen wrestling with a fellow employee. In actuality, as the court viewed it, the brief of evidence does not show this to be the case, but rather that the employee was wrestling with the foreman of the plant.

The evidence shows the person with whom the claimant was wrestling was variously identified as a "push foreman" and

again "in charge" and again "little boss." Whether he was the claimant's superior or supervisor we think is quite immaterial, since the uncontradicted evidence shows the claimant to have been the aggressor in the altercation. The board was justified in denying compensation.

The claimant in his brief contends that he was not permitted to go into the matter of the wrestling episode; however, this is not borne out by the record, which shows: that the claimant testified; his counsel was present; and afterwards a witness of the defendant testified to the wrestling episode. Still other witnesses were examined and cross-examined at length. At the conclusion of the hearing, his counsel stated, "That is all," and the record does not reveal any attempt or request by the claimant to be permitted to rebut the testimony as to the wrestling episode.

For the reasons indicated, the superior court erred in reversing the award of the board.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*