49160. RELIANCE INSURANCE COMPANY et al. v. CUSHING.

BELL, Chief Judge.

The right to compensation for a specific body member disability under Code § 114-406 is based not upon permanent industrial handicap but solely upon the loss of function of the member itself. *Reliance Ins. Co. v. Oliver,* 114 Ga. App. 639 (1) (152 SE2d 423). "If an employee who suffers an injury in his employment has a permanent disability or has sustained a permanent injury, such as specified in § 114-406, suffered elsewhere, he shall be entitled to compensation only for the degree of incapacity which would have resulted from a later accident if the earlier disability or injury had not existed." In this case the claimant suffered a prior permanent injury to his right leg caused by a fracture elsewhere. During his employment he suffered a second fracture to this same member in generally the same location and his leg was later amputated below the knee. At a hearing before a deputy to make a determination as to the degree of permanent incapacity to the leg, the deputy director made a finding of fact that the claimant

suffered a 100% loss of use of his leg as the result of the amputation. The director also found that the claimant, prior to the second injury, had a 33% loss of function of his right leg attributed to the prior injury. He accordingly made an award which gave the employer/insurer a 33% credit for the 100% loss of function of the member. This award was adopted by the full board and affirmed on appeal by the superior court.

The appellants, the employer/insurer, offered the testimony of a medical expert that prior to the second injury the claimant had a 70% loss of function of his right leg and after the second injury and amputation the loss of use of the leg was still 70%. It is well settled that the opinions of medical experts, while entitled to great weight, are advisory only and may be accepted or rejected by the board. *Maryland Cas. Co. v. Pitman,* 72 Ga. App. 838 (35 SE2d 319). The claimant testified that as a result of treatment, about four months prior to the second injury, a cast was removed from his leg; that he discarded walking on crutches; that he could walk with a limp but not run; and that he operated a bulldozer which required him to manipulate clutch and gas pedals with his injured leg. Appellants' medical witness also testified that the claimant prior to this second injury was able to use his right leg to some degree. There is no medical evidence that the prior loss of use of the claimant's leg was 33%. The absence of this medical evidence to support the finding of fact is not a critical or necessary ingredient in order to make an award. *Zurich Ins. Co. v. Robinson,* 123 Ga. App. 582 (181 SE2d 923). The testimony of the claimant as to what he could and could not do with his leg was competent and relevant to the issue as to the amount of loss of function he suffered from the prior accident. The finding of fact of a 33% rating attributable to the prior injury is a reasonable inference that can be drawn from the evidence. Consequently there is no merit in the contentions that the award is not based upon any evidence or that the hearing director was proceeding upon the erroneous legal theory in that he based the finding and the award upon the claimant's present inability to continue to work as a bulldozer operator.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MARCH 4, 1974 — DECIDED JUNE 19, 1974.

*Greene, Buckley, DeRieux & Jones, Alfred B. Adams, III, Frank Jenkins,* for appellants.
*Smith & Hamrick, Dewey Smith, William G. Hamrick,* for appellee.