68685. CARAWAY v. ESB, INC. et al.
(323 SE2d 197)

BIRDSONG, Judge.
We granted the petition for discretionary appeal in this case to review the superior court's reversal of a decision of the State Board of Workers' Compensation. The board determined that the employer/in-

surer improperly converted the claimant's temporary partial disability benefits (OCGA § 34-9-262) to permanent partial disability benefits (OCGA § 34-9-263). In making this determination, the board found that the claimant's "loss of earning capacity resulting from his injury remains temporary," thus entitling the claimant to continued payment of temporary partial disability benefits. The superior court found "that the clear and unimpeached evidence in the record requires the conclusion that the employee's disability is 'partial in character but permanent in quality' entitling him to permanent partial disability. . . ." The superior court determined that there was no evidence supporting the board's finding that the claimant's disability remained temporary and, thus, reversed the board's award.

We do not agree. The claimant's treating physician deposed that the claimant had reached "maximum medical improvement" with respect to his disability arising from his employment-related neck injury out of which this claim arose. The physician assigned a twenty percent disability rating to appellant in 1981 and that rating remains unchanged. However, the physician further testified: "Q. And do you have any reason to believe that [the disability rating] will change either increase or decrease as time goes on? A. Actually, I hope that it would improve, but I really can't say." The physician further testified: "Q. Okay, sir; and do you feel that he has reached maximum medical improvement, that is that medically he will not get any better? A. At this point, yes, sir, of course anything can change."

It was apparently on the basis of the treating physician's testimony that the superior court, as had the administrative law judge previously, concluded that the record established permanent partial disability as a matter of law. However, as can be seen from the above-quoted portions of the physician's testimony, his opinion contains some equivocation. It is well settled that opinions of medical experts are advisory only and may be accepted or rejected by the board. *Reliance Ins. Co. v. Cushing*, 132 Ga. App. 179, 180 (207 SE2d 664). Thus, the board was not obliged to accept the opinion of the treating physician, but was permitted to rely on other evidence in reaching its conclusion.

In addition to the physician's own qualifications to his opinion, the claimant's testimony provided some evidentiary support for the board's finding that his partial disability remained temporary in nature. The claimant's injury occurred on March 29, 1979, and he returned to work in another job capacity with another employer on December 6, 1981. He was granted periodic wage increases until he was promoted by his subsequent employer on July 1, 1982. The claimant's work week has increased from 40 hours to 48 hours per week, and his job duties have changed from those of radio operator and jailer to those of road deputy. The claimant further testified that his neck,

arm, and shoulder continue to give him problems but that those problems varied substantially from time to time. He also testified that he intended to seek in the future certification as a deputy but that he did not feel he was certifiable at the time of the hearing due to his medical problems.

Although conflicting, the evidence supports the board's factual finding that the claimant's disability remains temporary in nature. If the board's findings of fact are supported by any evidence, they may not be overturned on appeal. *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65). Consequently, the board was authorized in awarding the claimant continued compensation for temporary partial disability. OCGA §§ 34-9-262; 34-9-263 (b) (2).

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 17, 1984 —
REHEARING DENIED OCTOBER 10, 1984.

*Richard L. Collier*, for appellant.
*E. Harold Stone*, for appellees.