A01A2224. SATILLA REGIONAL MEDICAL CENTER
v. CORBETT.
(562 SE2d 751)

ANDREWS, Presiding Judge.

We granted Satilla Regional Medical Center's application for discretionary appeal in this workers' compensation case to determine whether the superior court properly remanded the case to the administrative law judge for further consideration of the medical evidence. Because we find the order remanding the case procedurally deficient and no evidence that the appellate division failed to consider all of the medical evidence presented, we reverse the superior court's decision and reinstate the appellate division's decision adopting the decision of the ALJ.

Diane Corbett, an emergency room registered nurse with Satilla Regional, sustained a work-related injury to her neck in 1994. The injury required two cervical fusions. Following the second surgery, Corbett performed regular nursing duties for six hours in the emer-

gency room then worked another six hours as a triage nurse. Although the triage position involves a great deal of writing, it does not require as much physical exertion as regular nursing duties. Corbett continued experiencing problems with her neck, and, following the recommendation of her doctor that she work in a full-time sedentary position, in January 1997, she became a full-time triage nurse. Consistent with this position, Corbett was required to do the paperwork for approximately 60 patients daily.

The record reflects that in early 1998, while she was working as a triage nurse, Corbett began to complain of pain in her right wrist and thumb. She saw a variety of doctors with little resolution of her condition. While Corbett was receiving treatment for chronic pain associated with her wrist and thumb, she was diagnosed with fibromyalgia, a chronic disease characterized by joint and muscle pain. On September 16, 1998, while pushing a wheelchair, Corbett suffered an accident which resulted in another neck injury. Corbett has not worked since that time. In December 1999, Corbett was diagnosed with carpal tunnel syndrome.

Corbett received workers' compensation benefits for the neck injury but also sought benefits for injury to her wrist and thumb as a separate injury related to her work as a triage nurse.

After a hearing, the ALJ, citing various medical records from assorted physicians, determined that although the injury to Corbett's thumb was related to her work, the wrist condition was not. The judge found no compensable carpal tunnel injury because:

> Unlike the thumb condition, the history of the employee's complaints to her doctors does not support her contention. Before she ceased work September 16, 1998, the employee made two brief mentions of right wrist pain, one September 25, 1997 to Dr. Rovner and one April 27, 1998 to Dr. Dial. In the former, Dr. Rovner mentioned DeQuervain's, not CTS; in the latter, Dr. Dial later basically ruled out CTS.

The appellate division agreed and made the award the decision of the board. The superior court reversed the decision of the appellate division and remanded the case to the ALJ for what it termed "consideration of the medical evidence." The trial court directed that the ALJ include in its consideration certain notes handwritten by Corbett. This appeal followed.

Satilla Medical contends that the trial court erred in failing to apply the "any evidence" standard of review. See generally *Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997). It argues that because there was considerable evidence to support the findings of the ALJ and appellate division, the trial

court was not authorized to substitute its judgment as to the weight of the evidence. We agree.

When the record contains any evidence to support a factual finding, reviewing courts are bound by the any evidence rule. *U. S. Fidelity &c. Co. v. Reynolds*, 146 Ga. App. 615, 616 (2) (247 SE2d 199) (1978). Accordingly, absent a legal error, when any evidence supports the findings of the ALJ and appellate division, those findings must be affirmed. *Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995).

Here, the trial court remanded the case back to the ALJ "for consideration of the medical evidence, including, but not limited to, the handwritten notes executed by the Claimant at the time she presented for treatment at the Mayo Clinic." But there is absolutely no evidence that the appellate division failed to consider this evidence. To the contrary, it appears that the ALJ carefully considered most if not all of Corbett's substantial medical records. There is no reason to believe that Corbett's handwritten notes were not among this evidence. "[T]he mere failure to refer to all the evidence in the findings of fact does not establish that the board did not consider the evidence in its review of the matter." *Henderson v. Mrs. Smith's Frozen Foods*, 182 Ga. App. 829, 830 (2) (a) (357 SE2d 271) (1987).

Thus, there appears to be no basis for the superior court's conclusion that, as a matter of law, the board did not fulfill its duty and considered only some of the evidence in its decision-making process. See *Henderson*, supra.

Further, it does not appear that the trial court is statutorily authorized to remand the case to the ALJ. While the superior court does have the authority to set aside the board's decision and remand, it can do so only for one of the five statutory grounds. OCGA § 34-9-105 (c), (d).[1] See also *Action Staffing v. Spalding Ford-Lincoln-Mercury*, 198 Ga. App. 764, 767 (2) (403 SE2d 61) (1991). (Where not authorized by statute, superior court does not have authority to remand based on newly discovered evidence.) The superior court made no such finding on any of the grounds delineated in the statute. See id.

Likewise, the superior court is authorized to remand only to the board, not the ALJ. "Upon the setting aside of any such decision of the *board*, the court may recommit the controversy to the *board* for

[1] The findings made by the members within their powers shall, in the absence of fraud, be conclusive; but upon such hearing the court shall set aside the decision if it is found that: (1) The members acted without or in excess of their powers; (2) The decision was procured by fraud; (3) The facts found by the members do not support the decision; (4) There is not sufficient competent evidence in the record to warrant the members making the decision; or (5) The decision is contrary to law. OCGA § 34-9-105 (c).

further hearing or proceedings in conformity with the judgment and opinion of the court." (Emphasis supplied.) OCGA § 34-9-105 (d).

Accordingly, the superior court's remand to the ALJ cannot stand and the court's judgment is reversed and the decision of the board reinstated.

*Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED MARCH 12, 2002 —
RECONSIDERATION DENIED MARCH 29, 2002.

*Walker & Sweat, Shawn F. Wildes,* for appellant.
*Hackel & Hackel, Thomas M. Hackel,* for appellee.

