A07A1525. BIBB COUNTY BOARD OF EDUCATION v. BEMBRY.
(650 SE2d 427)

BLACKBURN, Presiding Judge.

In this workers' compensation action, we granted Bibb County Board of Education's application for discretionary review to determine whether the superior court exceeded its authority in reversing the decision of the State Board of Workers' Compensation, which held that Sandra Bembry was not entitled to further benefits as her work-related injury had resolved. As the decision of the Board was supported by some evidence, we reverse.

> In reviewing an award of workers' compensation benefits, both the superior court and this [C]ourt are required to construe the evidence in a light most favorable to the party prevailing before the State Board. It is axiomatic that the findings of the [Board], when supported by any evidence, are conclusive and binding, and that neither the superior court nor this [C]ourt has any authority to substitute itself as a fact finding body in lieu of the Board.

(Punctuation and footnote omitted.) *Reid v. Ga. Bldg. Auth.*[1]

The evidence, so construed, demonstrates that on April 14, 2004, Bembry, a sixth-grade social studies teacher for the Bibb County Board of Education (BOE), was injured when she fell over a box of books at a teachers' meeting. BOE arranged for Bembry to visit Dr. Gary Godlewski the same day, and he diagnosed her with multiple sprains of the lumbar and leg. As the authorized treating physician, Dr. Godlewski eventually saw Bembry approximately ten times, and on her final visit of June 28, 2004, he opined that the muscular sprains resulting from the work-related injury had resolved and that her continued pain was related to a pre-existing condition.

Dr. Godlewski advised Dr. Wilson, Bembry's personal physician, of his conclusions and requested that Dr. Wilson examine Bembry

---

[1] *Reid v. Ga. Bldg. Auth.*, 283 Ga. App. 413 (641 SE2d 642) (2007).

and report as to whether he agreed that she had returned to a baseline of her previous condition. Dr. Wilson responded in a July 7, 2004 letter, expressing his "definitive" opinion that Bembry's previous condition was aggravated by the fall and that she had not returned to her pre-injury baseline.

On July 20, 2004, Bembry's employer controverted payment of further medical benefits. Bembry requested a hearing before an administrative law judge of the State Board of Workers' Compensation (ALJ), seeking continued medical benefits and attorney fees. BOE countered that Bembry's temporary aggravation of a pre-existing condition had ceased and that awarding attorney fees was not warranted.

At the hearing, Dr. Godlewski testified that, although a precise medical baseline was impossible to determine, he believed that Bembry had returned to the baseline of her pre-injury condition and that the sprains caused by her injury were resolved. He explained that Bembry's prior symptoms indicated that she had a disc herniation anywhere from six months to two years before the injury, and that because she presented muscular, rather than discogenic, symptoms immediately after the fall, he believed the injury affected the musculature only, rather than causing an aggravation of the degenerative disc.

The ALJ found that Bembry had not met her burden of proof to show her need for continued benefits and specifically stated that, in weighing the conflicting medical evidence, he assigned more weight to the opinion of Dr. Godlewski, the authorized treating physician. The Board accepted the ALJ's findings as supported by a preponderance of the competent and credible evidence. Bembry appealed to the superior court, which reversed the Board's determination, finding that there was no evidence to support it, held that Bembry should be awarded benefits, and remanded the matter for determination of the sole issue of whether attorney fees should be assessed against her employer.

BOE now appeals, contending that the superior court acted outside the scope of its authority in reversing the Board's determination, as there was evidence to support it. We agree.

It is well established that "an award of the [Board] will not be disturbed where there is any evidence to support it. The weight and credit to be given the testimony of the witnesses, and the conflicts in the evidence, are matters for determination by the [B]oard." *Wilson v. Aragon Mills.*[2] See also *Diers v. House of Hines, Inc.*[3] This Court has

---

[2] *Wilson v. Aragon Mills*, 110 Ga. App. 392, 393 (138 SE2d 596) (1964).

[3] *Diers v. House of Hines, Inc.*, 168 Ga. App. 282 (1) (308 SE2d 611) (1983).

also specifically held that it is within the province of the Board to determine "the weight and credit to be given to the opinion testimony of a physician witness in a work[ers'] compensation case" and to resolve issues of fact arising from contrary opinions of the respective physicians of the claimant and defendant. (Punctuation omitted.) *Elbert County Bd. of Commrs. v. Burnett.*[4] See *Worthington Indus. v. Sanks.*[5]

Here, Dr. Godlewski's medical file and testimony were evidence supporting the Board's findings that Bembry's work-related injury caused a temporary aggravation of a pre-existing condition and that such aggravation had resolved. Although Dr. Wilson's July 7 letter indicated his contradictory opinion that Bembry's on-the-job injury had aggravated her pre-existing condition and that she had not returned to her baseline, it was within the province of the Board to determine the credit to be given to the conflicting opinions of experts. See *Elbert County Bd. of Commrs. v. Burnett*, supra, 200 Ga. App. at 381-382. The superior court must therefore leave undisturbed the determination of the Board to accord greater weight to the medical opinion of Dr. Godlewski.

Bembry nevertheless insists that Dr. Godlewski's records and testimony were superseded by Dr. Wilson's "definitive" opinion, since Dr. Godlewski sought Dr. Wilson's opinion, did not treat Bembry before the fall, and did not frame his opinion in the form of a medical certainty that Bembry had returned to her pre-injury baseline. However, in this context, expert medical conclusions need not be stated in the form of a medical certainty. See *American Fire & Cas. Co. v. Gay*[6] (applying "medical probability" standard in workers' compensation case); *Zippy Mart, Inc. v. Fender.*[7]

Here, although Dr. Godlewski stated that he could not characterize Bembry's pre-injury baseline with "medical certainty," he explained that, in his view, it was not possible to precisely pinpoint Bembry's baseline, as it was a "wandering baseline" not susceptible to a definitive characterization. Moreover, the record shows that Dr. Godlewski testified that "if I showed this to ten colleagues, I think nine would agree that" she had a herniated disc prior to the work-related fall, and that Dr. Godlewski "knew" the disc injury was not new. Further, his records stated that Bembry "was *probably* back to baseline" (emphasis supplied) and that he felt Bembry was amplifying her symptoms for purposes of her workers' compensation claim.

---

[4] *Elbert County Bd. of Commrs. v. Burnett*, 200 Ga. App. 379, 381-382 (408 SE2d 168) (1991).

[5] *Worthington Indus. v. Sanks*, 228 Ga. App. 782, 784 (2) (492 SE2d 753) (1997).

[6] *American Fire & Cas. Co. v. Gay*, 104 Ga. App. 840, 846 (2) (123 SE2d 287) (1961).

[7] *Zippy Mart, Inc. v. Fender*, 170 Ga. App. 617, 619 (317 SE2d 575) (1984).

Therefore, we conclude that the Board properly considered Dr. Godlewski's opinion as evidence that Bembry's work-related injury had resolved.

Thus, as the weight given to Dr. Godlewski's opinion is for the Board to determine, *Zippy Mart, Inc. v. Fender*, supra, 170 Ga. App. at 619, the Board was entitled to resolve the conflicting expert evidence by crediting Dr. Godlewski's opinion over Dr. Wilson's. See *Elbert County Bd. of Commrs. v. Burnett*, supra, 200 Ga. App. at 381-382. Accordingly, the superior court erred in finding that there was no evidence to support the Board's determination.

*Judgment reversed. Ruffin and Bernes, JJ., concur.*

DECIDED JULY 30, 2007.

*Wall & Elliott, James M. Elliott, Jr., Mary M. Brannen*, for appellant.

*Chambless, Higdon, Richardson, Katz & Griggs, Dennis L. Duncan, Frances L. Clay*, for appellee.