A07A1122. YKK (USA), INC. et al. v. PATTERSON.
(652 SE2d 187)

ELLINGTON, Judge.

In this workers' compensation action, an administrative law judge ("ALJ") for the State Board of Workers' Compensation denied Kimberly Patterson's claim for benefits after finding that Patterson did not show by a preponderance of the evidence that she sustained an injury arising out of and in the course of her employment. After the Board affirmed the decision of the ALJ, Patterson appealed to the Superior Court of Bibb County. The superior court concluded that the ALJ who originally heard the case had overlooked certain evidence and remanded the case to the ALJ for further consideration of that evidence. We granted the application for discretionary review filed by YKK (USA), Inc. and Georgia Administrative Services (collectively, "YKK") to determine whether the superior court exceeded its authority in effectively vacating the decision of the Board. Because the decision of the Board was supported by some evidence, we reverse.

> In reviewing an award of workers' compensation benefits, both the superior court and this Court are required to construe the evidence in a light most favorable to the party prevailing before the State Board. It is axiomatic that the findings of the Board, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this [C]ourt has any authority to substitute itself as a fact finding body in lieu of the Board.

(Citations, punctuation and footnote omitted.) *Bibb County Bd. of Ed. v. Bembry*, 286 Ga. App. 878 (650 SE2d 427) (2007).

The evidence, so construed, demonstrates that Patterson went to the emergency room on November 6, 2003, after noticing that her right lower leg was blotchy, red, and swollen. She received a diagnosis of cellulitis, an infection of subcutaneous tissue which causes swelling. Patterson initially told her co-workers and her treating physicians that she did not know why her leg swelled and that she had not been injured. Ultimately, Patterson received a diagnosis of complex regional pain syndrome ("CRPS"). At the hearing on her claim on March 3, 2005, Patterson averred that on November 6, 2003, she suffered a torn leg muscle while pushing a tool cart at work.

In support of her claim, Patterson submitted the deposition of her family practice physician, Dr. Peters, who evaluated Patterson on November 10 and 12, 2003. Dr. Peters did not reach a diagnosis with regard to Patterson's leg condition but referred her to an orthopedic surgeon. Dr. Peters noted, however, that an MRI of Patterson's right lower leg showed a contusion or strain of unknown age.

Patterson also relied on the narrative report of her orthopedic surgeon, Dr. Phillips, who treated Patterson beginning on November 24, 2003. Dr. Phillips diagnosed Patterson with reflex sympathetic dystrophy, another name for CRPS, and was "not sure" whether her condition was caused by or aggravated by her work activities at YKK.

Finally, Patterson relied on the deposition and narrative report of her physical medicine and rehabilitation physician, Dr. Mansour, who began treating Patterson in October 2004. When asked about whether Patterson's work activities caused her condition, Dr. Mansour opined that Patterson's MRI showed an abnormality near her ankle that could have been a muscle strain or tear and that all of the problems in Patterson's lower leg were caused by pushing the tool cart.

In addition to this evidence, the ALJ also considered the deposition of Patterson's occupational medicine physician, Dr. Godlewski, who treated Patterson on November 7 and 10, 2003. Dr. Godlewski did not see any indication of a muscular injury, like a sprain. Based on Patterson's medical history, including her statement that she had not been injured, and his own examination of her, Dr. Godlewski concluded that Patterson's condition was not related to her work at YKK.

In its order, the superior court focused on the ALJ's statement that Patterson did not contend that she experienced pain immediately after the alleged traumatic tearing of a muscle on November 6, 2003. The superior court concluded that the ALJ must have overlooked evidence in the record, saying that Patterson's counsel had identified at the hearing before the ALJ "various places in the

transcript, depositions, and prior rulings where [Patterson] had pain immediately that she reported to various individuals." Based on this "oversight," the superior court remanded the case to the ALJ.

1. In this appeal, YKK contends that the superior court followed an improper procedure when it remanded this case to the ALJ and bypassed the Board. We agree. A superior court reviewing an award of the Board is statutorily authorized to set aside the award, based on specified grounds,[1] and may recommit the controversy to the Board for further hearing or proceedings. OCGA § 34-9-105 (c), (d). The superior court is not authorized, however, to remand the case directly to the ALJ who rendered the original award. *Satilla Regional Med. Center v. Corbett*, 254 Ga. App. 576, 578 (562 SE2d 751) (2002).

2. YKK also contends that the superior court acted outside the scope of its authority in effectively vacating the Board's award, as there was evidence to support it. Again, we agree. "It is well established that an award of the Board will not be disturbed where there is any evidence to support it." (Citations, punctuation and footnotes omitted.) *Bibb County Bd. of Ed. v. Bembry*, 286 Ga. App. at 879. It is within the province of the Board to determine the weight and credit to be given to the testimony of the witnesses, including the opinion testimony of physician witnesses, and to resolve issues of fact arising from conflicts in the evidence. Id. Furthermore, "[i]t is well settled that opinions of medical experts are advisory only and may be accepted or rejected by the board." (Citation omitted.) *Caraway v. ESB, Inc.*, 172 Ga. App. 349, 350 (323 SE2d 197) (1984).

In this case, the Board generally adopted the ALJ's findings. The Board's award makes it clear, however, that the Board did not base its decision that Patterson failed to prove a compensable claim (that is, a work-related injury) on any failure to report pain immediately after the alleged injury on November 6, 2003. Rather, the Board found that, even if Patterson *did* complain of pain on the day of the alleged injury, she nonetheless failed to prove a compensable claim by a preponderance of the evidence. The record showed that none of the doctors who treated Patterson the day of her alleged torn muscle and for the next

---

[1] The findings made by the members [of the Board] within their powers shall, in the absence of fraud, be conclusive; but upon such hearing the [superior] court shall set aside the decision if it is found that:
(1) The members acted without or in excess of their powers;
(2) The decision was procured by fraud;
(3) The facts found by the members do not support the decision;
(4) There is not sufficient competent evidence in the record to warrant the members making the decision; or
(5) The decision is contrary to law.
OCGA § 34-9-105 (c).

11 months diagnosed her with a work-related injury or determined the cause of her leg condition. Only one doctor, who began treating Patterson almost a full year after the alleged traumatic injury, reached the conclusion that she may have suffered a work-related injury. After weighing the evidence, including the opinions of the various physicians, the Board was authorized to conclude that Patterson failed to prove by a preponderance of the evidence that she had suffered a work-related injury. As a result, the superior court was required to affirm the award. *Bibb County Bd. of Ed. v. Bembry*, 286 Ga. App. at 878; *Satilla Regional Med. Center v. Corbett*, 254 Ga. App. at 578. Accordingly, we reverse the superior court's ruling and reinstate the Board's award.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 13, 2007.

*Gardner, Willis, Sweat & Handelman, Christopher T. Ross*, for appellants.

*Buzzell, Graham & Welsh, Neal B. Graham, David C. Bowers, Jr.*, for appellee.