**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 22, 2016**

# In the Court of Appeals of Georgia

A16A0137. J&R SCHUGEL TRUCKING, INC. et al. v. LOGAN.

ANDREWS, Presiding Judge.

Donna Logan, a North Carolina resident, was injured in August 2013 while working in Georgia for her employer, J&R Schugel Trucking, Inc., located in Minnesota. Logan received workers' compensation benefits under Minnesota law until the benefits were suspended in September 2013 due to lack of evidence of disability. In October 2013, Logan filed a workers' compensation claim in Georgia seeking recommencement of income benefits and medical care under Georgia law. J&R and its insurer, Great West Casualty Co., controverted the claim on the basis that there was no evidence Logan suffered from any continued disability, and that she had no need for ongoing medical treatment. In this opinion, we refer to the employer and insurer jointly as J&R. An administrative law judge (ALJ) in the Trial Division of the

State Board of Workers' Compensation ruled that, although Logan had no continuing disability from the injury, she was still entitled to ongoing medical benefits. Pursuant to J&R's appeal, the Board's Appellate Division affirmed the ALJ's ruling that there was no disability, but substituted alternative findings and ruled that Logan was not entitled to ongoing medical benefits. On appeal from the Appellate Division, the Fulton County Superior Court entered an order setting aside the Appellate Division decision as "contrary to law" under OCGA § 34-9-105 (c) (5). J&R appeals from the Superior Court order, and for the following reasons we reverse.

Based on evidence presented at the June 2014 hearing on Logan's claim, the ALJ issued an award finding that Logan failed to prove any continuing disability related to the August 2013 injury and was not entitled to any workers' compensation income benefits under Georgia law. But despite finding no continuing disability, the ALJ ruled that Logan nevertheless remained entitled to ongoing medical benefits for the injury.

On appeal to the Appellate Division, J&R contended that the ALJ erred by finding that Logan was entitled to ongoing medical benefits as a result of her August 2013 injury. The Appellate Division found that the competent and credible evidence did not support the ALJ's finding that Logan was entitled to ongoing medical

benefits, made substituted factual findings that Logan was not entitled to medical benefits, and issued a decision reversing the ALJ on that issue. The Appellate Division accepted the ALJ's finding that Logan was not entitled to income benefits.

Logan appealed the Appellate Division's decision to the Superior Court. In the Superior Court appeal, Logan conceded that she "[did] not dispute the fact that the evidence in the record supports the [Appellate Division's] decision." Rather, Logan asserted that the issue was not whether the Appellate Division's award was supported by the evidence, but "whether the [Appellate Division] acted without or in excess of its powers, or whether its award is contrary to law." After a hearing, the Superior Court set aside the Appellate Division's decision on the ground that it was "contrary to law" under OCGA § 34-9-105 (c) (5). In support of this conclusion, the Superior Court pointed out that the transcript of the June 18, 2014 hearing before the ALJ showed that the ALJ ordered J&R to pay for another medical evaluation of Logan and to provide a copy of the evaluation report so that the ALJ can "make a decision about ongoing [medical] treatment." According to the Superior Court, the transcript showed that the ALJ intended to hold the hearing record open so the medical report could be filed and considered; that the ALJ subsequently refused to include the report in the record; and that this prevented the filing of additional evidence necessary to complete

3

the record. Based on this reasoning, the Superior Court ruled that the ALJ's decision to exclude the report was contrary to law and left the record incomplete, and that this rendered the Appellate Division's decision finding that Logan was not entitled to medical benefits also contrary to law under OCGA § 34-9-105 (c) (5).

We find no basis for the Superior Court's order setting aside the Appellate Division decision as "contrary to law." The record shows that, when the hearing before the ALJ reconvened on June 30, 2014, Logan's counsel informed the ALJ that, as ordered on June 18, Logan had undergone another medical evaluation on June 29 or June 30. At the hearing, Logan's counsel asked the ALJ to order J&R to provide Logan with ongoing medical benefits, but the ALJ declined to rule on the request at that time stating that "everybody needs to have an opportunity to review the medical [report] so that you can make meaningful arguments as to why [Logan] should or should not be entitled to additional medical treatment." The ALJ concluded the hearing stating that "the record for the hearing is closed," but subsequently considered briefs filed by the parties after the hearing. Logan's post-hearing brief referred to the report on her last medical evaluation and, without elaboration, stated that "if the report from that examination had been allowed into evidence, it would have shown that Claimant is in need of further medical treatment." There is no

4

evidence that Logan attempted to submit the medical report after the hearing, or that the ALJ refused to open the record to receive the report. In fact, in response to J&R's appeal to this Court, Logan's appellate brief asserts that it was not necessary for the medical report to be included in the record after the hearing; that she intends to present the report to the Board at a subsequent hearing she has requested; and that she has no objection to reversal of the Superior Court order.

Because there was no basis for the Superior Court to find that the Appellate Division decision was "contrary to law," the Court erred by setting aside the decision. Under OCGA § 34–9–103 (a),

> the appellate division shall review the evidence and shall then make an award with findings of fact and conclusions of law. . . .The findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records.

Based upon a review of the evidence, the Appellate Division found that the ALJ correctly ruled that Logan was not entitled to workers' compensation income benefits, but found that the competent and credible evidence did not support the ALJ's finding that Logan was entitled to ongoing medical benefits.

5

> [I]f after assessing the evidence of record, the appellate division concludes that the award does not meet the [evidentiary standards of OCGA § 34–9–103 (a)], the appellate division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly.

*Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997).

As to the medical benefits issue, the Appellate Division found that the ALJ's award did not meet the evidentiary standards of OCGA § 34-9-103 (a), substituted its own alternative findings, and ruled that Logan was not entitled to ongoing medical benefits. Those findings by the Appellate Division "cannot be disturbed as long as there is any evidence to support it because neither the superior court nor the appellate court has the power to find facts." *Hallisey v. Fort Howard Paper Co.*, 268 Ga. 57, 58–59 (484 SE2d 653) (1997) (citations omitted). Because it is undisputed that there was evidence supporting the findings of the Appellate Division, the Superior Court order setting aside the Appellate Division decision is reversed.

*Judgment reversed. Doyle, C. J., and Ray, J., concur.*