**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2018**

# In the Court of Appeals of Georgia

A17A1498. AMGUARD INSURANCE COMPANY v. KERKELA.

RICKMAN, Judge.

This Court granted the discretionary appeal application of Amguard Insurance Company to appeal the superior court's judgment reversing and remanding an award of the Appellate Division of the State Board of Workers' Compensation ("the Board") to the extent that the award failed to include continuing assessed attorney fees. For the following reasons, we vacate the trial court's judgment and remand the case.

After Matthew Kerkela, a restaurant manager, submitted a claim that he was injured on the job, one week before a scheduled hearing before an administrative law judge (ALJ), Amguard, the employer's workers' compensation insurance carrier, accepted Kerkela's claim as compensable. Amguard authorized Kerkela's continued medical treatment and payment of past medical bills; paid Kerkela a lump sum of past

due temporary total disability ("TTD") income benefits, from the date he had stopped working to the date the claim was accepted; paid a 15 percent late-payment penalty of the lump sum; and agreed to pay attorney fees equal to 25 percent of the income benefits already paid. A hearing before the ALJ was later held on the issue of whether Kerkela was entitled to additional assessed attorney fees equal to 25 percent of future TTD income benefits.

Evidence was presented on the issue, and the ALJ denied Kerkela's request for continued assessed attorney fees. The ALJ concluded that Amguard's payment of 25 percent of back income benefits and the late-payment penalty as attorney fees was "more than sufficient." The ALJ also concluded that Amguard's defense of Kerkela's claim had been reasonable, finding that Amguard conducted discovery expeditiously, made its decision to accept the claim in a brief period of time, and paid a lump sum amount of attorney fees as a good-faith attempt to compromise the demand for attorney fees.[1] The ALJ explained that during discovery, a second adjuster who took over the claim learned detailed facts about the mechanism and place of injury, and

[1] Pursuant to OCGA § 34-9-108 (b) (1), "[u]pon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds, the administrative law judge or the board may assess the adverse attorney's fee against the offending party."

2

additional information about Kerkela's medical status and its relationship to his injury. The ALJ found that Amguard accepted the claim as compensable shortly after Kerkela had been deposed and received an independent medical evaluation.

The Board adopted the ALJ's decision. The Board accepted the ALJ's findings of fact, stating that they were supported by a preponderance of competent and credible evidence, and that the ALJ was in the best position to determine the credibility and weight of the evidence. The superior court determined that the Board had misinterpreted evidence when it concluded that Amguard had acted reasonably in its defense of Kerkela's claim and listed numerous instances of Amguard's failure to comply with its statutory obligations. The court further determined that the "only evidence at trial was that 25%" of back and future benefits was a reasonable fee; and the court reversed the Board's decision and remanded the case to the Board for actions consistent with its order. In reaching its decision, the court applied a de novo standard of review, finding that such standard was appropriate given that "it is clear that evidence has been misconstrued and misinterpreted[.]" Amguard appeals, contending, inter alia, that the trial court applied an incorrect standard of review. We agree.

The superior court may not disturb the factual findings of the Board if there is any evidence to support them, as the superior court does not have the power to find facts. See *J & R Schugel Trucking v. Logan*, 336 Ga. App. 899, 901 (785 SE2d 581) (2016); *YKK (USA) v. Patterson*, 287 Ga. App. 537 (652 SE2d 187) (2007); see also *Hallisey v. Fort Howard Paper*, Co., 268 Ga. 57, 58-59 (1) (484 SE2d 653) (1997). However, "[e]rroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law . . . are subject to the de novo standard of review in the superior court." (Citation and punctuation omitted.) *Heritage Healthcare v. Ayers*, 323 Ga. App. 172, 173 (746 SE2d 744) (2013). Whether an employer has unreasonably defended against a claim is a factual determination, subject to the any evidence standard of review. See *Printpack, Inc. v. Crocker*, 260 Ga. App. 67, 72-73 (3) (b) (579 SE2d 225) (2003); *Seabolt v. Beaulieu of America*, 255 Ga. App. 750, 752 (566 SE2d 444) (2002).

Here, the superior court deemed the Board's conclusion that Amguard's defense was reasonable as a "misinterpretation" of the evidence. Such a conclusion appears to be a disagreement with the Board's factual findings and is subject to the any evidence standard of review, which the superior court failed to apply. See

4

*Printpack*, 260 Ga. App. at 72-73 (3) (b). Therefore, we vacate the judgment and remand the case for application of the correct standard of review.

We take this time to mention to trial courts and litigants that it might seem as though we are putting form over substance when we remand cases such as this for the trial court to apply the proper standard, rather than just reviewing the evidence ourselves under the correct standard. However, the application of the correct standard underpins our system of appellate review and ensures that the fact finder – be that a trial court, administrative tribunal, etc. – is given the appropriate amount of deference as the entity that is tasked with fact finding. Therefore, we find it appropriate and important to insist that it be applied in the first instance. See generally *Burke County v. Askin*, 291 Ga. 697, 701 (2) (732 SE2d 416) (2012) (vacating judgment and remanding case for court to reconsider its decision in light of the applicable legal standard).

*Judgment vacated and case remanded. Ellington, P. J., and Andrews, J., concur in judgment only.**

**\* THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).**